IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

TENIKA L. FONDREN,

    Plaintiff,

vs.                                    No. 17-2519-SHM-dkv

AMERICAN HOME SHIELD CORPORATION,

    Defendant.
_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT
_____

Before the court is the January 10, 2018 motion of the defendant, American Home Shield Corporation ("AHS"), pursuant to Rules 12(b)(5), 12(b)(6), and 12(e) of the Federal Rules of Civil Procedure to dismiss the complaint filed by the plaintiff, Tenika L. Fondren ("Fondren"), proceeding *pro se*, or in the alternative for a more definite statement.  (ECF No. 28.) Fondren filed a response on January 18, 2018.  (ECF No. 29.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons that follow, it is recommended that both AHS's motion to dismiss the complaint and its motion for a more

definite statement be denied.

I. PROPOSED FINDINGS OF FACT

On July 21, 2017, Fondren filed a *pro se* complaint against AHS alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl., ECF No. 1.) Fondren filed a motion for leave to proceed *in forma pauperis* along with her complaint, (ECF No. 2), which the court denied on July 24, 2017, (ECF No. 7). Fondren then paid the filing fee. (ECF No. 8.) Fondren initially served AHS on August 11, 2017, via a certified process server. (*See* Summons Returned Executed, ECF No. 10.) The Affidavit of Service signed by the process server stated that copies of the summons and complaint were served on Carissa Zahed, who "is designated by law to accept service on behalf of American Home Shield Corporation." (*Id.* at 2-3.) After the time for AHS to answer had expired, Fondren filed a motion for entry of default, (ECF No. 14), which the Clerk granted on October 2, 2017, (ECF No. 15). Subsequently, both parties filed various responses and motions regarding the Clerk's entry of default, which the court treated as a motion by AHS to set aside entry of default and responses by each side to such motion. (*See* Order Granting Def.'s Mot. Set Aside Entry Default 2, ECF No. 21.) The court granted AHS's motion to set aside the entry of default on October 25, 2017, and gave Fondren an additional

2

30 days to re-serve AHS. (*Id.* at 6, 8.) The district judge affirmed the order setting aside entry of default on November 22, 2017, (ECF No. 25), and Fondren filed proof of re-service on December 20, 2017, (Proof Service, ECF No. 27). As proof of the re-service, Fondren attached the affidavit of Julia Acosta ("Acosta"), another professional process server, which indicates that Acosta served the summons on Kenya White ("White"), "who is designated by law to accept service of process on behalf of American Home Shield Corporation" on December 18, 2017. (*Id.* at 1.) White's signature, along with her title of "HR Operations Specialist" appears on the affidavit of Proof of Service. (*Id.*)

In the instant motion to dismiss, AHS argues that service of process is still insufficient because "White is a payroll specialist, and not an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process under Fed. R. Civ. P. 4(h)." (Mem. Supp. Def.'s Mot. Dismiss 2, ECF No. 28-1.) In support of its motion to dismiss, AHS filed the affidavit of Megan Buscher ("Buscher"), a paralegal for ServiceMaster Co., LLC, in which Buscher states that she sent an email informing the Human Resources department that "field employees are not authorized to accept service" and that "[i]f someone is authorized to accept service, they will know." (Decl. Megan Buscher ¶¶ 3, 4, ECF No. 28-2.) In the alternative, AHS argues that Fondren should be

3

required to amend the complaint to make it more "simple, concise, and direct" pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure. (Mem. Supp. Def.'s Mot. Dismiss 7-9, ECF No. 28-1.)

In response, Fondren argues that AHS's motion for dismissal for insufficient service should be denied because White represented to the process server that she was allowed to accept service of process. (Pl.'s Resp. 1-2, ECF No. 29.) Specifically, Fondren points out that White's actions clearly indicated that she knew she was authorized to receive service of process in accordance with Buscher's email stating that if someone is allowed to accept service, that person will know. (*Id.*)

## II. PROPOSED CONCLUSIONS OF LAW

A.  <u>Motion to Dismiss for Insufficient Service of Process</u>

Federal Rule of Civil Procedure 4 governs service of a summons and complaint in federal courts. Rule 4(h) provides that a corporation is properly served if: (1) service is effected in accordance with state law in the state where the district court is located or where service is made, or (2) a copy of the summons and complaint is delivered to an officer or authorized agent. *Id.* Tennessee law provides for service on a corporation:

4

>       by delivering a copy of the summons and of the
>       complaint to an officer or managing agent thereof, or
>       to the chief agent in the county wherein the action is
>       brought, or by delivering the copies to any other
>       agent authorized by appointment or by law to receive
>       service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4). "The plaintiff 'bears the burden of perfecting service of process and showing that proper service was made.'" *Johnson v. U.S. Postal Serv.*, No. 14-1004, 2014 WL 7365862, at *2 (W.D. Tenn. Dec. 24, 2014)(citing *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001)). If the defendant challenges service of process, the plaintiff has the burden to establish that service was proper. *Id.* (citation omitted).

Here, the process server hired by Fondren states in her proof of service affidavit that she served the summons on White, who was authorized to accept service on behalf of AHS. (Proof Service, ECF No. 27.) In addition to the process server's sworn statement that White was authorized to accept service, White herself signed, dated, and indicated her position as "HR Operations Specialist" at the bottom of the proof of service document. (*Id.*)

The Buscher affidavit submitted by AHS to contest service merely states that Buscher instructed employees that "field employees are not authorized to accept service" and that "[i]f someone is authorized to accept service, they will know."

5

(Decl. Megan Buscher ¶¶ 3, 4, ECF No. 28-2.) However, Buscher never states in her affidavit that White, as HR Operations Specialist, was not authorized to receive service of process. On the contrary, White's actions indicate that she was indeed authorized to accept service of process and that she knew she was authorized to accept service of process. Accordingly, this court finds that Fondren adequately complied with the requirements for service of process and recommends that AHS's motion to dismiss Fondren's complaint for insufficient service of process be denied.

B.  Motion for a More Definite Statement

In the alternative, AHS requests that the court either dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) or order Fondren to submit a more definite complaint pursuant to Rule 12(e). (Mem. Supp. Def.'s Mot. Dismiss 4-5, 7-8, ECF No. 28-1.)

In assessing whether Fondren's complaint states a claim, the court must accept all factual allegations in the complaint as true and "determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bridge v. Ocwen Fed. Bank, F.S.B.*, 681 F.3d 355, 358 (6th Cir. 2012)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Rule 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is

6

entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). While *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(citation omitted). *Jordan v. Comm'r of Soc. Sec.*, No. 13-cv-1002-JDB-tmp, 2016 WL 4691390, at *2 (W.D. Tenn. Aug. 12, 2016).

Further, according to the Sixth Circuit, "[e]xhaustion of administrative requirements is a precondition to filing a Title VII suit." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008)(citations omitted). For a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the [EEOC] charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(citation and internal quotation marks omitted). "[B]ecause aggrieved employees — and not attorneys — usually file charges with the EEOC, their *pro se* complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).

7

Federal Rule of Civil Procedure 12(e) provides that a defendant can move for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002)(stating that a defendant can move for a more definite statement if a pleading fails to provide sufficient notice of the claims it alleges). However, motions for more definite statements are generally disfavored and rarely granted. *Cooper Ins. Agency Ctr., LLC v. Mourer-Foster, Inc.*, No. 5:05-CV-56, 2005 WL 3289345, at *1 (W.D. Mich. Dec. 5, 2005)(citations omitted).

Fondren is a *pro se* plaintiff. Fondren attached a copy of her EEOC charge to the complaint filed in this court. (Charge Discrimination, ECF No. 1-1.) Because Fondren was required to exhaust her administrative remedies under Title VII and because Fondren has both pursued such administrative relief with the EEOC and attached the EEOC charge for reference, AHS is not without guidance in interpreting Fondren's complaint. In light of Fondren's *pro se* status and the specific claims made in the EEOC charge, the court finds that Fondren's complaint fulfills the liberal pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Fondren's complaint is not "so vague or ambiguous" that AHS cannot reasonably prepare a response, and, therefore, she does not need to provide a more definite

8

statement under Rule 12(e). Thus, it is recommended that AHS's motion to dismiss the complaint for failure to provide a definite statement of the claim, or, in the alternative, to provide a more definite statement be denied.

### III. RECOMMENDATION

For the foregoing reasons, the court recommends that AHS's motion to dismiss the complaint for insufficient service of process and for failure to state a claim be denied, that the motion for a more definite statement also be denied, and that AHS be instructed to file an answer to the *pro se* complaint.

Respectfully submitted this 15th day of March, 2018.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.