# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|                              |   |                       |
|------------------------------|---|-----------------------|
| **TENIKA L. FONDREN,**       | ) |                       |
|                              | ) |                       |
|    Plaintiff, | ) |                       |
|                              | ) | **No. 17-cv-2519-SHM-dkv** |
| v.                           | ) |                       |
|                              | ) |                       |
| **AMERICAN HOME SHIELD CORPORATION,** | ) |              |
|                              | ) |                       |
|    Defendant. | ) |                       |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), dated March 15, 2018. (ECF No. 31.) The Report recommends denying Defendant American Home Shield Corporation's ("AHS") Motion to Dismiss Plaintiff Tenika L. Fondren's Complaint or, in the Alternative, for a More Definite Statement (ECF No. 28). (Id.) AHS has not objected, and the deadline to do so has passed.

On July 21, 2017, Fondren filed a *pro se* complaint against AHS, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). (ECF No. 1.) Fondren served AHS on August 11, 2017, using a certified process server. (See ECF No. 10.) The Affidavit of Service signed by the process server states that a

copy of the summons and the complaint were served on Carissa Zahed, who "is designated by law to accept service on behalf of American Home Shield Corporation." (Id. at 58-59.)[1]

On September 29, 2017, Fondren filed a motion for entry of default for AHS's "failure to file a claim or answer or otherwise defend with the court in this case as required by law." (ECF No. 14.) The Clerk entered default against AHS on October 2, 2017. (ECF No. 15.)

On October 9, 2017, AHS filed a Response to Plaintiff's Motion for Default Judgment and Objection to Clerk's Entry of Default, claiming that "AHS was never served with a copy of Plaintiff's Complaint" because Carissa Zahed is a representative at AHS's call center and not an individual authorized to receive service of process. (ECF No. 16.)

On October 25, 2017, United States Magistrate Judge Diane K. Vescovo construed AHS's response and objection as a motion to set aside entry of default and granted the motion. (ECF No. 21.) She also instructed Fondren "to re-serve AHS or to request a waiver within thirty days. . . ." (Id.)

On October 30, 2017, Fondren filed an appeal of the Magistrate Judge's order, arguing that the order misstated the

---

[1] Unless otherwise noted, citations to the record refer to the "PageID" number.

date on which Fondren responded to AHS's offer to waive service of summons. (ECF No. 23.) The Court affirmed the Magistrate Judge's order on November 22, 2017. (ECF No. 25.) The Court gave Fondren until December 22, 2017, to comply with the Magistrate Judge's order. (Id. at 114 n.1.)

Fondren served AHS on December 18, 2017, using a certified process server. (ECF No. 27.) The Affidavit of Service signed by the process server states that a copy of the summons and the complaint were served on Kenya White, "HR - Operations Specialist" at AHS, "who stated [she is] authorized to accept service for American Home Shield Corporation. . . ." (ECF No. 29-2.)

On January 10, 2018, AHS filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement. (ECF No. 28.) AHS argues that Kenya White is not an individual authorized to receive service of process. (Id. at 123.) AHS alternatively asks that Fondren file a more definite statement. (Id. at 129.) Fondren responded on January 18, 2018. (ECF No. 29.)

On March 15, 2018, the Magistrate Judge submitted the Report. (ECF No. 31.) It recommends denying AHS's Motion to Dismiss Plaintiff Tenika L. Fondren's Complaint or, in the Alternative, for a More Definite Statement. (Id.) AHS did not file an objection.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

AHS has not objected to the Report. Adoption of the Report is warranted. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED, and AHS's Motion to Dismiss, or in the Alternative, for More Definite Statement is DENIED.

So ordered this 4th day of April, 2018.

                                        */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE