# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| TENIKA L. FONDREN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17-cv-2519-SHM-dkv |
| AMERICAN HOME SHIELD CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), dated June 28, 2018. (ECF No. 38.) The Report recommends granting Defendant American Home Shield Corporation's ("AHS") Motion to Compel Arbitration and Dismiss Complaint (ECF No. 34) and dismissing Plaintiff Tenika L. Fondren's claims without prejudice. (Id.) Fondren filed an objection on July 9, 2018. (ECF No. 39.)

For the following reasons, Fondren's objection is OVERRULED. The Report is ADOPTED. AHS's Motion to Compel Arbitration and Dismiss Complaint is GRANTED. Fondren's claims are DISMISSED WITHOUT PREJUDICE.

**I. Background**

On July 21, 2017, Fondren filed a *pro se* complaint against AHS, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). (ECF No. 1.)[1]

On September 29, 2017, Fondren filed a motion for entry of default. (ECF No. 14.) The Clerk entered default against AHS on October 2, 2017. (ECF No. 15.)

On October 9, 2017, AHS filed a Response to Plaintiff's Motion for Default Judgment and Objection to Clerk's Entry of Default. (ECF No. 16.)

On October 25, 2017, Chief United States Magistrate Judge Diane K. Vescovo construed AHS's response and objection as a motion to set aside entry of default and granted the motion. (ECF No. 21.) She also instructed Fondren "to re-serve AHS or to request a waiver within thirty days. . . ." (Id.)

On October 30, 2017, Fondren filed an appeal of the Magistrate Judge's order. (ECF No. 23.) The Court affirmed the Magistrate Judge's order on November 22, 2017. (ECF No. 25.) The Court gave Fondren until December 22, 2017, to comply with the Magistrate Judge's order. (Id. at 114 n.1.) Fondren

---

[1] Unless otherwise noted, citations to the record refer to the "PageID" number.

served AHS on December 18, 2017, using a certified process server. (ECF No. 27.)

On January 10, 2018, AHS filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement. (ECF No. 28.) Fondren responded on January 18, 2018. (ECF No. 29.) On March 15, 2018, the Magistrate Judge submitted a Report and Recommendation, recommending the denial of AHS's Motion to Dismiss or, in the Alternative, for a More Definite Statement. (ECF No. 31.) AHS did not file an objection. The Court adopted that Report and Recommendation on April 4, 2018. (ECF No. 32.)

On April 25, 2018, AHS filed its Motion to Compel Arbitration and to Dismiss Complaint. (ECF No. 34.) AHS represents that, on November 29, 2011, Fondren electronically signed her acknowledgement of receipt of the mandatory alternative dispute resolution program, which requires multiple non-judicial steps -- including arbitration -- for handling employment-related disputes. (ECF Nos. 34-1, 34-2.) Fondren responded on April 30, 2018. (ECF No. 35.) AHS replied on May 14, 2018. (ECF No. 36.) Fondren filed a sur-reply on May 21, 2018. (ECF No. 37.)

On June 28, 2018, the Magistrate Judge entered the Report. (ECF No. 38.) The Report disregards Fondren's sur-reply

because "the Court has not requested a sur-reply from Fondren nor granted a request on [ ] behalf of Fondren to file one," as required by the Local Rules. Id. at 241 n.1 (citing LR 7.2(c)). The Report recommends granting the motion to compel arbitration and dismissing Fondren's claims without prejudice. (Id. at 250, 253-54.) It concludes that the parties agreed to arbitrate, that Fondren's claims are subject to that agreement, and that Fondren's claims should be dismissed without prejudice. (Id. at 248-50.) The Report also concludes that AHS's conduct did not waive its right to arbitration. (Id. at 253.)

Fondren filed her objection on July 9, 2018, arguing that AHS's conduct waived its right to compel arbitration and, in the alternative, that the case should be stayed pending arbitration. (ECF No. 39.)

**II. Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly

4

objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1).

The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Arn, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the Report and Recommendation. Id. When an objection reiterates the arguments presented to the Magistrate Judge, the Report and Recommendation should be reviewed for clear error. Verdone v. Comm'r of Soc. Sec., No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing Ramirez v. United States, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); accord Equal Employment Opportunity Comm'n v. Dolgencorp, LLC, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**III. Analysis**

Fondren objects to the Magistrate Judge's conclusion that AHS's conduct did not waive its right to compel arbitration and denial of Fondren's request that her claims be stayed pending arbitration. (See ECF No. 39.) Fondren makes no objection to the Magistrate Judge's findings of fact or other conclusions of law. Those findings and conclusions are ADOPTED. See Arn, 474 U.S. at 147.

**A. Waiver of Right to Compel Arbitration**

Fondren argues that AHS's conduct -- requesting the Court to set aside entry of default and moving to dismiss -- was

"inconsisten[t] with the alleged 'mandatory arbitration agreement[,]'" and thus that AHS waived its right to compel arbitration. (ECF No. 39 at 225.)[2] Fondren analogizes AHS's conduct to the conduct of the defendant in Shalaby v. Arctic Sand Techs., Inc., No. MICV2014-03621, 2014 WL 7235830 (Mass. Super. Dec. 15, 2014), who "made use of the traditional court system for 6 months before requesting arbitration just as in this case the defendant attempted to dismiss the plaintiff's entire claim, prior to compelling . . . arbitration." (Id. at 256.)

The Report concluded that "[c]onsidering all of the collective actions taken by AHS, they are not completely inconsistent with any reliance on an arbitration agreement, and are therefore insufficient to waive the right to arbitration." (ECF No. 38 at 252.) The Magistrate Judge reasoned that:

> Before filing the current motion to compel arbitration and to dismiss the complaint, AHS previously filed a motion to dismiss Fondren's complaint or in the alternative for a more definite statement. (ECF No. 28.) The motion to dismiss was based in part on addressing what AHS believed was insufficient service of process, and in part on a request by AHS for the

---

[2] Fondren also argues that "Magistrate Judge Vescovo disregarded the plaintiffs sur-reply that was filed on May 21st, 2018 with no reason or no indication as to why the sur-reply was disregarded. . . ." (ECF No. 39 at 255.) That argument is not well taken. The Magistrate Judge disregarded Fondren's sur-reply because it did not comply with federal or local rules. (ECF No. 38 at 241 n.1 (citing LR 7.2(c)).) Although the Magistrate Judge disregarded Fondren's sur-reply, she "nonetheless consider[ed] the issue of whether the participation of AHS in the civil action has waived its right to arbitration." (Id. at 251.)

7

> court to dismiss the complaint for failure to state a claim or order Fondren to submit a more definite complaint. (Mem., ECF No. 28-1.) The motion to dismiss or in the alternative for a more definite statement was denied by the court, in favor of Fondren. (ECF No. 32.) All of the previous actions taken in this case related to service of process, including a default judgment that was later set aside due to insufficient service of process. (ECF No. 25.)

(Id. at 251-52.)

Fondren's reliance on Shalaby is not well taken. Shalaby is a Massachusetts decision that has no precedential effect on this Court. Shalaby is also inapposite. Before moving to compel arbitration, the defendant in Shalaby moved to dismiss the plaintiff's complaint on the merits. 2014 WL 7235830, at *1. Five of the plaintiff's nine claims were dismissed. Id. "[A]fter learning that not all of Shalaby's claims would be dismissed[,]" the defendant moved to compel arbitration. Id. The Shalaby court concluded that the defendant's six-month delay in compelling arbitration, together with its litigation of the case on the merits, waived the defendant's right to compel arbitration. Id. at *4.

Unlike the defendant in Shalaby, AHS did not attempt to litigate the merits of Fondren's claims before moving to compel arbitration. Its previous motions raised procedural arguments based on ineffective service. Fondren cites no cases, and the Court finds none, that hold moving to dismiss for ineffective

8

service before moving to compel arbitration constitutes as a waiver of the right to compel arbitration.

Fondren's objection to the Magistrate Judge's conclusion that AHS did not waive its right to compel arbitration is OVERRULED. That conclusion is ADOPTED. AHS's motion to compel arbitration is GRANTED.

### B. Dismissing or Staying Litigation

Fondren asks that the case be stayed pending arbitration. (ECF No. 39.) The Court construes her request as an objection.

The Magistrate Judge concluded that dismissal, rather than stay, was appropriate in this case. (ECF No. 38 at 250.) She reasoned that, because "all claims in this lawsuit are subject to arbitration . . . this case should be dismissed without prejudice." (Id.)

Fondren does not explain how the Report's analysis is wrong, why it was wrong, or how *de novo* review would result in a different conclusion. Fondren's vague, general objection is equivalent to no objection at all. Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Fondren's objection to the Magistrate Judge's conclusion that dismissal, rather than stay, is appropriate is OVERRULED. The Report is ADOPTED. Fondren's complaint is DISMISSED WITHOUT PREJUDICE.

**IV. Conclusion**

For the foregoing reasons, the Fondren's objection is OVERRULED. The Report is ADOPTED. AHS's Motion to Compel Arbitration and Dismiss Complaint is GRANTED. Fondren's claims are DISMISSED WITHOUT PREJUDICE.

So ordered this 13th day of July, 2018.

                                    */s/ Samuel H. Mays, Jr.*
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT COURT JUDGE